ARASH BERAL (BAR NO. 245219)
arash.beral@ffslaw.com
MATTHEW A. YOUNG (BAR NO. 266291)
matt.young@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Plaintiff
A&A GLOBAL IMPORTS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

A&A GLOBAL IMPORTS, INC., a California corporation,

Plaintiff,

vs.

CENTRAL BAG & BURLAP CO. d/b/a MMC DEPOT, a Colorado corporation; TREAD GLOBAL LLC, a Colorado limited liability company; and DOES 1 through 10,

Defendants.

Case No.

**PLAINTIFF A&A GLOBAL IMPORTS, INC.'S COMPLAINT FOR:**

1. **PATENT INFRINGEMENT;**
2. **FALSE DESIGNATION OF ORIGIN;**
3. **TRADEMARK INFRINGEMENT;**
4. **TRADE DRESS INFRINGEMENT;**
5. **UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT;**
6. **UNFAIR COMPETITION IN VIOLATION OF THE UNFAIR COMPETITION LAW;**
7. **FALSE ADVERTISING IN VIOLATION OF THE FALSE ADVERTISING LAW;**
8. **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**
9. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**
10. **NEGLIGENT INTERFERENCE WITH**



FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

11. **PROSPECTIVE ECONOMIC RELATIONS; AND RESTITUTION TO AVOID UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff A&A Global Imports, Inc. complains of defendants and alleges as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**JURISDICTION AND VENUE**

1. This is an action for injunctive relief and damages based on the unfair competition and other tortious conduct committed by the defendants named herein, specifically arising under 35 U.S.C. § 271, the United States Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, as amended, (*e.g.*, the Lanham Act, 15 U.S.C. §§ 1114, 1125, *et seq.*), California statutory law (California Business & Professions Code §§ 17200, *et seq.*, and 17500, *et seq.*), and under the common law.

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), as well as supplemental jurisdiction under 28 U.S.C. §§ 1338(b) and 1367(a).

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

4. The Court has personal jurisdiction over each defendant because, as set forth below, each defendant either conducts business in California, including within this judicial district, or has engaged in conduct directed at the State of California, or both.

**THE PARTIES**

5. Plaintiff (hereinafter, "Plaintiff" or "A&A Global") is and at all times mentioned herein was a California corporation, doing business in California, including within this judicial district. Plaintiff's principal place of business is located in Commerce, California.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

6. Plaintiff is informed and believes and thereupon alleges that Defendant Central Bag & Burlap Co., doing business as MMC Depot (hereinafter, "MMC"), is and at all times mentioned herein was a Colorado corporation, with its principal place of business located in Denver, Colorado.

7. Plaintiff is informed and believes and thereupon alleges that Defendant Tread Global LLC (hereinafter "Tread Global"), is and at all times mentioned herein was a Colorado limited liability company, with its principal place of business located in Denver, Colorado. Plaintiff is informed and believes and thereupon alleges that the member(s) of Tread Global resides in Denver, Colorado.

8. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said defendants by said fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

9. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein, each of the DOE defendants, and each of the named defendants, were the agents and/or employees of one or more of the other defendants, were acting within the course and scope of said agency and/or employment, and that each defendant has aided and assisted one or more of the other defendants in committing the wrongful acts alleged herein.

10. Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, conspired and agreed among themselves to do the acts complained of herein and were, in doing the acts complained of herein, acting pursuant to said conspiracy, and that each defendant sued herein is jointly and severally responsible and liable to Plaintiff for the damages alleged herein.

## GENERAL ALLEGATIONS

11. Plaintiff is a plastic packaging manufacturer. It manufactures, sells, and distributes packaging materials, such as prescription bottles, vials, and exit bags, all over the United States. Plaintiff's customer base includes pharmacies and cannabis

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

dispensaries, to which Plaintiff (and its assignees or licensees) distributes high quality prescription vials and child-proof exit bags which are manufactured to comport with the laws of the jurisdiction in which Plaintiff's customers (the pharmacies and cannabis dispensaries) do business. Plaintiff does not now nor has it ever manufactured, sold, or distributed actual cannabis or marijuana product listed as a Schedule 1 drug under the Drug Enforcement Administration's ("DEA") Drug Schedules.

12. Plaintiff owns patent rights, and other intellectual property rights in and to Patent No. US D766,076 S (the "'076 Patent"), issued by the United States Patent and Trademark Office. The '076 Patent provides Plaintiff exclusive rights to manufacture, sell, and distribute a plastic bag package bearing the design set forth in the '076 Patent. A true and correct copy of the '076 Patent is attached hereto as Exhibit "A" and incorporated by reference herein.

13. In addition to patent rights, Plaintiff alleges that its plastic bag package bearing the design set forth in the '076 Patent is distinctive, such that it constitutes Plaintiff's trade dress.

14. Plaintiff further asserts that it has common law trademark and statutory trademark rights in U.S. Registration No. 4,894,410 (the "'410 Registration") for the word mark "PINCHNSLIDE", which mark Plaintiff uses in connection with its plastic bag package bearing the design set forth in the '076 Patent.

15. Moreover, with growing national acceptance of medical cannabis products (and in some states, recreational cannabis products), many states have passed laws regulating the sale of cannabis. Of importance, some states have already passed laws requiring that cannabis products be packaged in certified child-resistant packaging in accordance with federal consumer product safety guidelines, codified at 16 C.F.R. 1700.1, *et seq.*, and in accordance with ASTM standards. Certainly, as time progresses and more regulatory laws regarding the sale of cannabis are passed and codified, more states will likely enact the same or identical

child-resistant packaging requirements.

16. Plaintiff manufactures, sells, and distributes fully-compliant, federal- and ASTM-certified child-resistant vials, bags and other forms of packaging to its cannabis dispensary customers, including its plastic bag package bearing the design set forth in the ‘076 Patent. Indeed, Plaintiff has expended considerable time and resources in developing its products so as to meet and satisfy all applicable federal and ASTM standards.

17. Plaintiff is informed and believes and thereupon alleges that MMC owns and operates the website domain – www.mmcdepot.com – and does business under the “MMC Depot” name.

18. Plaintiff is informed and believes and thereupon alleges that through its website and the “MMC Depot” name, MMC solicits sales to cannabis dispensaries of its various products, including its “Child Secure Exit Bag”. MMC specifically advertises on its website that its packaging products are “child safe” and are “CPSC approved and CFR compliant child resistant marijuana supplies and cannabis packaging products approved for poison prevention.” The website goes on to claim that “MMC Depot carries many packaging products that are ASTM Certified for child safety and tamper resistance.” As to its bags in particular, MMC touts “Single-use, re-closable and airtight tamper-resistant marijuana bags that are CPSC and CFR approved for poison prevention – 100% success rate for child safety!” Indeed, the phrase “This package is child resistant” appears directly on the front of MMC’s “Child Secure Exit Bags”.

19. MMC further advertises and represents on its website that “All of the marijuana containers that MMC Depot carries have been designed by established manufacturers and tested by ASTM International to be significantly difficult for children under age 5 to open or obtain a harmful amount of the contents in a reasonable time.”

/ / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

20. Plaintiff is informed and believes and thereupon alleges that Tread Global manufactures, sources, markets and sells the "Child Secure Exit Bags" to MMC and other wholesalers and retailers throughout the United States. In fact, Plaintiff is informed and believes that MMC purchases its "Child Secure Exit Bags" through Tread Global.

21. Plaintiff is informed and believes and thereupon alleges that Tread Global owns and operates the website domain – www.treadglobal.com. Through its website, Tread Global solicits sales of its various products, including the "Child Secure Exit Bag", to cannabis supply wholesalers, including MMC.

22. Tread Global specifically advertises on its website that its packaging products are "child resistant", that they "specialize in child related safety testing" and that its packaging products comply with ISO, FCC, CPSC, EPA, and ASTM standards.

23. Plaintiff is informed and believes and thereupon alleges that none of the packaging bags that the Defendants advertise and offer for sale, including the "Child Secure Exit Bags", meet the child-resistant compliance regulations or ASTM standards involving child-resistant packaging. Hereinafter, these products will be referred as the "Non-Compliant Products".

24. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein, the Defendants and each of them concealed material facts, including that the Non-Compliant Products are not approved for lawful use in states that require child-resistant packaging, that they do not meet federal consumer product safety guidelines, codified at 16 C.F.R. 1700.1, *et seq.*, and that they are not certified under any ASTM standard involving child-resistant packaging.

25. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein, the Defendants have advertised or made representations to actual and prospective customers that the Non-Compliant Products are in fact certified, do in fact meet state compliance regulations, and are child proof, all of which are false.

26. In addition, Defendants have infringed on Plaintiffs' patent, trade dress, and trademark rights in connection with the manufacture, sale, and distribution of the Non-Compliant Products, causing public confusion and deception, which, in turn, has misled and induced would-be customers of Plaintiff's products to purchase Defendants' Non-Compliant Products instead.

27. As a result of the acts and omissions alleged above, Plaintiff is informed and believes and thereupon alleges that customers who have purchased the Non-Compliant Products from the Defendants have been led erroneously to believe that the Non-Compliant Products meet all legal requirements and are a suitable replacement for Plaintiff's products. Because the Defendants offer the Non-Compliant Products for sale at a steep discount, customers have been misled and induced to purchase the Non-Compliant Products in lieu of Plaintiff's products (or other competitors' products that comply with all legal requirements).

28. In many instances, Plaintiff has either lost customers to the Defendants or has been forced to price-match its fully compliant, child-resistant packaging products to its customers who received solicitations from the Defendants to sell the Non-Compliant Products at a much lower cost. As a consequence, Plaintiff has suffered a significant amount of damages and continues to suffer damages unless and until the Defendants' improper conduct is enjoined.

29. Not only do they infringe on Plaintiff's intellectual property rights, but the Non-Compliant Products sold and offered for sale by the Defendants in jurisdictions that require child-resistant packaging are unlawful, unsafe, and pose an immediate threat not only to Plaintiff (and other similarly situated businesses) but also to the public's health and safety.

/ / /

/ / /

/ / /

/ / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**<u>FIRST CAUSE OF ACTION</u>**

**PATENT INFRINGEMENT**

**(AGAINST ALL DEFENDANTS)**

30. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 29, above.

31. Defendants have willfully infringed on the ‘076 Patent in connection with their distribution of their Non-Compliant Products. Defendants have used, caused to be produced, distributed, advertised, marketed, offered for sale, sold within the United States, and/or have imported into the United States exit bags that are substantially similar to the ‘076 Patent in direct violation of 35 U.S.C. § 271. An example of the Non-Compliant Product is shown below:




32. A simple review of the ‘076 Patent confirms that the Non-Compliant Products infringe on that patent. A comparison of the Non-Compliant Products and the ‘076 Patent reveal, for example, striking similarities that could only be the result of conscious efforts to copy Plaintiff’s design.

33. Although Plaintiff has provided Defendants with actual notice of their infringing conduct, Plaintiff is informed and believes and thereupon alleges that Defendants continue to engage in activities that infringe Plaintiff’s patent rights.

34. As a direct and proximate result of Defendants’ infringing conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff’s ‘076 Patent.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

35. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

36. Plaintiff is informed and believes that Defendants had pre-suit knowledge of Plaintiff's rights to the '076 Patent and have intentionally copied said design for their own products in an effort to pass them off as if they originated, are associated with, are affiliated with, are authorized by, and/or are approved by Plaintiff.

37. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from infringing the '076 Patent and to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284 as Plaintiff believes that Defendants' infringement was and continues to be willful and deliberate. Plaintiff is also entitled to a complete accounting of all revenue and profits derived by Defendants' from the unlawful conduct alleged herein. Additionally, the conduct alleged herein qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN

## (AGAINST MMC AND DOES 1 THROUGH 10, INCLUSIVE)

38. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 37, above.

39. Defendant MMC's use of a "Pinch N Twist" mark which closely resembles Plaintiff's "PINCHNSLIDE" mark constitutes false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125. Such unauthorized use causes, and is likely to cause, confusion, mistake, or deception of others, as to the affiliation, connection, or association of MMC with Plaintiff, and also causes, and is likely to cause, confusion, mistake, or deception as to the origin, sponsorship, or

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

approval of the goods and services of MMC with those of Plaintiff.

40. Plaintiff is informed and believes and thereupon alleges that in selling or distributing the Non-Compliant Products, MMC has used the term "Pinch N Twist" in reference thereto, designed in such a way to include striking similarities with Plaintiff's trademark rights for "Pinch N Slide".

41. MMC's wrongful use of "Pinch N Twist" in reference to the Non-Compliant Products comprises an infringement of Plaintiff's trademark rights and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's products, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

42. MMC knew, or should have known, of Plaintiff's rights, and Defendant MMC's false description, false representation, and false designation of origin were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

43. As a direct and proximate result of MMC's infringing conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless MMC is restrained by this Court from infringing Plaintiff's trademark rights.

44. MMC's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

45. Plaintiff is informed and believes that MMC had pre-suit knowledge of Plaintiff's trademark rights and has intentionally copied said trademark for its own products in an effort to pass them off as if they originated, are associated with, are affiliated with, are authorized by, and/or are approved by Plaintiff.

46. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting MMC from infringing its trademark rights and to recover damages adequate to compensate for the infringement.

/ / /

/ / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
(310) 255-6100

**<u>THIRD CAUSE OF ACTION</u>**

**TRADEMARK INFRINGEMENT**

**(AGAINST MMC AND DOES 1 THROUGH 10, INCLUSIVE)**

47. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 46, above.

48. Plaintiff asserts statutory trademark rights in the ‘410 Registration for “PINCHNSLIDE”, stylized as:

49. Plaintiff is informed and believes and thereupon alleges that in selling or distributing the Non-Compliant Products, MMC has used the term “Pinch N Twist” in reference thereto, designed in such a way to include striking similarities with the ‘410 Registration for “Pinch N Slide”.

50. MMC’s wrongful use of “Pinch N Twist” in reference to the Non-Compliant Products comprises an infringement of Plaintiff’s ‘410 Registration for “Pinch N Slide” and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff’s products, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

51. By reason of the foregoing acts, MMC is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

52. MMC knew, or should have known, of Plaintiff’s rights, and Defendant MMC’s infringement was knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

53. As a direct and proximate result of MMC’s infringing conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless MMC is restrained by this Court from infringing Plaintiff’s trademark rights.

54. MMC’s acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

55. Plaintiff is informed and believes that MMC had pre-suit knowledge of Plaintiff's trademark rights and has intentionally copied said trademark for its own products in an effort to pass them off as if they originated, are associated with, are affiliated with, are authorized by, and/or are approved by Plaintiff.

56. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting MMC from infringing its trademark rights and to recover damages adequate to compensate for the infringement.

**FOURTH CAUSE OF ACTION**

**TRADE DRESS INFRINGEMENT**

**(AGAINST ALL DEFENDANTS)**

57. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 55, above.

58. Plaintiff's plastic bag package bearing the design set forth in the '076 Patent constitutes Plaintiff's protectable trade dress. The protectable trade dress of Plaintiff's plastic bag package bearing the design set forth in the '076 Patent are nonfunctional features that identify the product and its source to customers.

59. Defendants have willfully infringed on Plaintiff's trade dress rights in connection with their distribution of their Non-Compliant Products. Defendants have used, caused to be produced, distributed, advertised, marketed, offered for sale, sold within the United States, and/or have imported into the United States the Non-Compliant Products that incorporate distinctive features of Plaintiff's plastic bag package, which actions constitute the use in commerce of false designations of origin, false or misleading descriptions or representations that are likely to cause confusion and mistake and to deceive consumers as to the source of origin of Defendants' products or affiliation, connection, or association of Defendants with Plaintiff or the sponsorship or approval of Defendants' products by Plaintiff, constituting trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

60. Although Plaintiff has provided Defendants with actual notice of their infringing conduct, Plaintiff is informed and believes and thereupon alleges that Defendants continue to engage in activities that infringe Plaintiff's trade dress rights.

61. As a direct and proximate result of Defendants' infringing conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff's trade dress rights.

62. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

63. Plaintiff is informed and believes that Defendants had pre-suit knowledge of Plaintiff's trade dress rights and have intentionally copied said trade dress for their own products in an effort to pass them off as if they originated, are associated with, are affiliated with, are authorized by, and/or are approved by Plaintiff.

64. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from infringing its trade dress rights and to recover damages adequate to compensate for the infringement.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT

## (AGAINST ALL DEFENDANTS)

65. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 64, above.

66. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), proscribes any act amounting to unfair competition, including the use of any "false or misleading description of fact" or "false or misleading representation of fact", which:

> "(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."

67. In advertising, marketing, promoting, offering for sale, selling, distributing, and making false and misleading assertions of fact regarding the Non-Compliant Products, the Defendants' acts described above constitute unfair competition in violation of the Lanham Act.

68. As a direct and proximate result of the Defendants' conduct as described above, Plaintiff has suffered irreparable harm insofar as the Defendants' conduct has damaged the business, reputation, goodwill, and integrity of Plaintiff and its products, and insofar as Plaintiff has lost actual and prospective customers to the Defendants.

69. While Plaintiff has suffered damages and continues to suffer damages as a result of the Defendants' conduct, monetary damages alone will not afford Plaintiff adequate relief. As such, Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it has suffered and will continue to suffer if the Defendants' conduct is allowed to continue.

70. Plaintiff is informed and believes and thereupon alleges that unless enjoined by this Court, the Defendants, and any person or entity complicit or participating with them, or each of them, will continue to engage in unfair competition and unlawful conduct. Therefore, Plaintiff seeks injunctive relief as further described herein.

71. Plaintiff is also informed and believes and thereupon alleges that the Defendants have profited by reason of their acts of unfair competition and unlawful acts as alleged herein. Therefore, Plaintiff also seeks an order requiring the Defendants to disgorge all of their ill-gotten gains. Plaintiff also seeks an award of treble damages and attorney's fees and costs under 15 U.S.C. § 1117(a).

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION IN VIOLATION OF THE UNFAIR COMPETITION LAW

## (AGAINST ALL DEFENDANTS)

72. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 71, above.

73. California Business and Professions Code Section 17200, *et seq.*, proscribes any act amounting to unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising".

74. In advertising, marketing, promoting, offering for sale, selling, distributing, and making false and misleading assertions of fact regarding the Non-Compliant Products, the Defendants' acts described above constitute unfair competition in violation of the Unfair Competition Law.

75. As a direct and proximate result of the Defendants' conduct as described above, Plaintiff has suffered irreparable harm insofar as the Defendants' conduct has damaged the business, reputation, goodwill, and integrity of Plaintiff and its products, and insofar as Plaintiff has lost actual and prospective customers to the Defendants.

76. While Plaintiff has suffered damages and continues to suffer damages as a result of the Defendants' conduct, monetary damages alone will not afford Plaintiff adequate relief. As such, Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it has suffered and will continue to suffer if the Defendants' conduct is allowed to continue.

77. Plaintiff is informed and believes and thereupon alleges that unless enjoined by this Court, the Defendants, and any person or entity complicit or participating with them, or each of them, will continue to engage in unfair competition and unlawful conduct. Therefore, Plaintiff seeks injunctive relief as

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

further described herein.

78. Plaintiff is also informed and believes and thereupon alleges that the Defendants have profited by reason of their acts of unfair competition and unlawful acts as alleged herein. Therefore, Plaintiff also seeks an order requiring the Defendants to disgorge all of their ill-gotten gains.

**SEVENTH CAUSE OF ACTION**

**FALSE ADVERTISING IN VIOLATION OF THE FALSE ADVERTISING LAW**

**(AGAINST ALL DEFENDANTS)**

79. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 78, above.

80. California Business and Professions Code Section 17500, *et seq.*, proscribes any act amounting to false advertising, including any act "with intent to dispose of personal property", or to "induce the public to enter into any obligation relating thereto" to make any untrue or misleading statement "concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof."

81. In advertising, marketing, promoting, offering for sale, selling, distributing, and making false and misleading assertions of fact regarding the Non-Compliant Products, the Defendants' acts described above constitute false advertising in violation of the False Advertising Law.

82. As a direct and proximate result of the Defendants' conduct as described above, Plaintiff has suffered irreparable harm insofar as the Defendants' conduct has damaged the business, reputation, goodwill, and integrity of Plaintiff and its products, and insofar as Plaintiff has lost actual and prospective customers to the Defendants.

83. While Plaintiff has suffered damages and continues to suffer damages as a result of the Defendants' conduct, monetary damages alone will not afford

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Plaintiff adequate relief. As such, Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it has suffered and will continue to suffer if the Defendants' conduct is allowed to continue.

84. Plaintiff is informed and believes and thereupon alleges that unless enjoined by this Court, the Defendants, and any person or entity complicit or participating with them, or each of them, will continue to engage in unfair competition, false advertising, and unlawful conduct. Therefore, Plaintiff seeks injunctive relief as further described herein.

85. Plaintiff is also informed and believes and thereupon alleges that the Defendants have profited by reason of their acts of unfair competition, false advertising, and unlawful acts as alleged herein. Therefore, Plaintiff also seeks an order requiring the Defendants to disgorge all of their ill-gotten gains.

**<u>EIGHTH CAUSE OF ACTION</u>**

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

**(AGAINST ALL DEFENDANTS)**

86. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 85, above.

87. At all times mentioned in this Complaint, Plaintiff enjoyed contractual relationships with its customers, all of which contained the probability of future economic benefits to Plaintiff. The nature of Plaintiff's relationship with each of said customers was such that the relationship would normally continue, to the benefit of Plaintiff, unless interfered with.

88. Plaintiff is informed and believes and thereupon alleges that the Defendants knew of the existence and the nature of these contractual relationships and intended to interfere with them.

89. Plaintiff is informed and believes and thereupon alleges that the Defendants engaged in the conduct alleged hereinabove in conscious disregard of Plaintiff's contractual relationships with its existing and potential clients. Plaintiff is

informed and believes and thereupon alleges that the Defendants' wrongful conduct either has disrupted and will continue to disrupt those relationships.

90. As a direct and proximate result of the foregoing conduct by the Defendants, Plaintiff has been damaged in an amount that cannot presently be ascertained. Plaintiff is informed and believes and thereupon alleges that it will incur additional damages in the future as long as the Defendants continue to engage in the wrongful conduct alleged in this Complaint.

91. The conduct of the Defendants alleged herein was either malicious, in that it was carried on with the intent to cause injury to Plaintiff, or despicable, in that it was carried on with a conscious disregard for the rights of Plaintiff. In either case, Plaintiff is entitled to an award of exemplary damages against the Defendants, and each of them, in an amount to be determined by the Court.

**NINTH CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

**(AGAINST ALL DEFENDANTS)**

92. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 91, above.

93. At all times mentioned in this Complaint, Plaintiff enjoyed contractual relationships with its customers, all of which contained the probability of future economic benefits and relationships to Plaintiff. The nature of Plaintiff's relationship with each of said customers was such that the relationship would normally continue, to the benefit of Plaintiff, unless interfered with.

94. Plaintiff is informed and believes and thereupon alleges that the Defendants knew of the existence and the nature of these contractual relationships, and the prospective relationships, and intended to interfere with them.

95. Plaintiff is informed and believes and thereupon alleges that the Defendants engaged in the conduct alleged hereinabove in conscious disregard of

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Plaintiff's contractual relationships with its existing and potential clients. Plaintiff is informed and believes and thereupon alleges that the Defendants' wrongful conduct either has disrupted and will continue to disrupt those relationships.

96. As a direct and proximate result of the foregoing conduct by the Defendants, Plaintiff has been damaged in an amount that cannot presently be ascertained. Plaintiff is informed and believes and thereupon alleges that it will incur additional damages in the future as long as the Defendants continue to engage in the wrongful conduct alleged in this Complaint.

97. The conduct of the Defendants alleged herein was either malicious, in that it was carried on with the intent to cause injury to Plaintiff, or despicable, in that it was carried on with a conscious disregard for the rights of Plaintiff. In either case, Plaintiff is entitled to an award of exemplary damages against the Defendants, and each of them, in an amount to be determined by the Court.

**<u>TENTH CAUSE OF ACTION</u>**

**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

**(AGAINST ALL DEFENDANTS)**

98. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 97, above.

99. At all times mentioned in this Complaint, Plaintiff enjoyed contractual relationships with its customers, all of which contained the probability of future economic benefits and relationships to Plaintiff. The nature of Plaintiff's relationship with each of said customers was such that the relationship would normally continue, to the benefit of Plaintiff, unless interfered with.

100. Plaintiff is informed and believes and thereupon alleges that the Defendants knew of the existence and the nature of these contractual relationships, and the prospective relationships, and intended to interfere with them. At the very least, the Defendants negligently interfered with these relationships.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

101. Plaintiff is informed and believes and thereupon alleges that the Defendants engaged in the conduct alleged hereinabove negligently and in conscious disregard of Plaintiff's contractual relationships with its existing and potential clients. Plaintiff is informed and believes and thereupon alleges that the Defendants' wrongful conduct either has disrupted and will continue to disrupt those relationships.

102. As a direct and proximate result of the foregoing conduct by the Defendants, Plaintiff has been damaged in an amount that cannot presently be ascertained. Plaintiff is informed and believes and thereupon alleges that it will incur additional damages in the future as long as the Defendants continue to engage in the wrongful conduct alleged in this Complaint.

103. The conduct of the Defendants alleged herein was either malicious, in that it was carried on with the intent to cause injury to Plaintiff, or despicable, in that it was carried on with a conscious disregard for the rights of Plaintiff. In either case, Plaintiff is entitled to an award of exemplary damages against the Defendants, and each of them, in an amount to be determined by the Court.

**<u>ELEVENTH CAUSE OF ACTION</u>**

**RESTITUTION TO AVOID UNJUST ENRICHMENT**

**(AGAINST ALL DEFENDANTS)**

104. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 103, above.

105. As alleged herein, the Defendants have profited by reason of their acts of unfair competition, false advertising, and other unlawful, tortious acts as alleged herein.

106. Under the circumstances, it would be inequitable for the Defendants to retain the benefits of their ill-gotten gains. Plaintiff is therefore entitled to full restitution and/or disgorgement by the Defendants of all revenues, earnings, profits or other economic benefits earned at Plaintiff's detriment and expense. Otherwise, the Defendants would be unjustly enriched.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all defendants, and each of them, as follows:

1. For damages in an amount to be proved at trial;
2. For restitution;
3. For punitive and exemplary damages;
4. For treble damages;
5. For a temporary restraining order, and preliminary and permanent injunctive relief:

(A) restraining and enjoining all Defendants, and anyone acting in concert with or participating with them from engaging in, committing or performing, either directly or indirectly the following acts:

1) Infringing on Plaintiff's patent and trade dress rights;
2) Promoting, marketing, advertising, offering for sale, selling, or distributing any of the Non-Compliant Products, or similar products, or otherwise causing any third party to promote, market, advertise, offer for sale, sell, or distribute any of the Non-Compliant Products, or similar products;
3) Publishing, advertising, and/or otherwise making any statement to the public, either directly or indirectly, that states, implies or suggests that the Non-Compliant Products, or similar products, are:
   a) Certified or approved;
   b) Child proof;
   c) Compliant with state laws requiring child-resistant packaging; or
   d) Compliant with state regulations.

(B) restraining and enjoining MMC, and anyone acting in concert with or participating with it from engaging in, committing or performing,

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

either directly or indirectly the following acts:

1) Using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's '410 Registration for "Pinch N Slide", or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendants;

(C) directing and compelling all Defendants, and anyone acting in concert with or participating to:

1) Deliver up for destruction all packages and receptacles in Defendants' possession, custody or control infringing upon Plaintiff's '076 Patent and its trade dress rights;

2) Prominently label the Non-Compliant Products, or similar products, in such a way as to fully disclose to and caution all distributors, purchasers, and customers that the Non-Compliant Products do not comply with the provisions of any federal, state, or local laws or regulations involving child-resistant packaging, do not meet the minimum requirements of the ASTM standards involving child-resistant packaging, and are not child-resistant;

3) Prominently and fully disclose to and caution all past, present, and future distributors, purchasers, and customers of the Non-Compliant Products, or similar products that the Non-Compliant Products do not comply with the provisions of any federal, state, or local laws or regulations involving child-resistant packaging, do not meet the minimum requirements of the ASTM standards involving child-resistant packaging, and are not child-resistant, including on all of defendants websites and other marketing materials;

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

4) Post a copy on all of Defendants' websites and provide a copy of any temporary restraining order, preliminary injunction, or permanent injunction to all past, present, and future distributors, purchasers, and customers of the Non-Compliant Products, including to all known persons that the defendants have provided marketing materials to or to whom the defendants have made any false or misleading claim in connection with the Non-Compliant Products; and

5) File a report with the Court in writing and under oath setting forth in detail the manner and form in which the defendants have complied with any temporary restraining order, preliminary injunction, or permanent injunction.

6. For an award of attorneys' fees, costs and expenses;

7. For prejudgment and post-judgment interest as allowed by law;

8. For costs of suit incurred herein; and

9. For such other and further relief that the Court deems just and proper.

DATED: May 5, 2017

FREEMAN, FREEMAN & SMILEY, LLP

By: */s/ Arash Beral*
ARASH BERAL
MATTHEW A. YOUNG
Attorneys for Plaintiff
A&A GLOBAL IMPORTS, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: May 5, 2017

FREEMAN, FREEMAN & SMILEY, LLP

By: */s/ Arash Beral*

ARASH BERAL
MATTHEW A. YOUNG
Attorneys for Plaintiff
A&A GLOBAL IMPORTS, INC.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# EXHIBIT A

US00D766076S

(12) **United States Design Patent** (10) **Patent No.: US D766,076 S**
**Yuan** (45) **Date of Patent: ** Sep. 13, 2016**

(54) **PLASTIC BAG PACKAGE**

(71) Applicant: **A&A GLOBAL IMPORTS, INC.**, Commerce, CA (US)

(72) Inventor: **Ricky Yuan**, Alhambra, CA (US)

(73) Assignee: **A&A Global Imports, Inc.**, Commerce, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/515,454**

(22) Filed: **Jan. 23, 2015**

(51) **LOC (10) Cl.** .............................................. **09-03**

(52) **U.S. Cl.**
USPC ......................................................... **D9/415**

(58) **Field of Classification Search**
USPC ........ D9/414–419, 499, 707, 709, 704, 705; D6/300; 206/5.1; 383/65, 63
CPC .......... B65D 33/2558; B65D 75/5855; B65D 33/2508; B65D 33/255
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,586,319 | A | 5/1986 | Ausnit | |
| 5,384,942 | A | 1/1995 | Siegel | |
| 6,178,602 | B1 | 1/2001 | Burke | |
| D546,705 | S * | 7/2007 | Suzuki | D9/415 |
| 8,061,897 | B2 * | 11/2011 | Ichikawa | B65D 75/5855 206/5.1 |
| D655,202 | S * | 3/2012 | Abell | D9/707 |
| D692,317 | S * | 10/2013 | Bower | D9/707 |
| 8,550,716 | B2 | 10/2013 | Smith | |
| 8,578,572 | B2 | 11/2013 | Ackerman | |
| 8,689,526 | B2 | 4/2014 | Rabiea | |
| 8,727,620 | B2 | 5/2014 | Dais | |
| D723,384 | S * | 3/2015 | Musaliar | D9/705 |
| D723,935 | S * | 3/2015 | Short | D9/704 |
| D724,955 | S * | 3/2015 | Porchia | D9/709 |
| D742,247 | S * | 11/2015 | Burggren | D9/709 |
| D746,603 | S * | 1/2016 | Gale | D6/300 |
| D747,218 | S * | 1/2016 | Burggren | D9/707 |
| D749,427 | S * | 2/2016 | Sorbatti | D9/707 |
| 2003/0138171 | A1 | 7/2003 | Kikuchi | |
| 2011/0044565 | A1 * | 2/2011 | Pawloski | B65D 33/2558 383/63 |
| 2011/0044566 | A1 | 2/2011 | Fish | |
| 2011/0268373 | A1 * | 11/2011 | Polland | B65D 33/2508 383/65 |
| 2011/0311169 | A1 * | 12/2011 | Smith | B65D 33/255 383/63 |
| 2013/0195385 | A1 | 8/2013 | Matias | |
| 2014/0155240 | A1 | 6/2014 | Steele | |

* cited by examiner

*Primary Examiner* — Holly Baynham
*Assistant Examiner* — Rhea Shields
(74) *Attorney, Agent, or Firm* — Roland Tong

(57) **CLAIM**

The ornamental design for a plastic bag package, as shown and described.

**DESCRIPTION**

FIG. 1 is perspective view of the plastic bag package.
FIG. 2 is front view of the plastic bag package.
FIG. 3 is rear view of the plastic bag package.
FIG. 4 is left side view of the plastic bag package.
FIG. 5 is right side view of the plastic bag package.
FIG. 6 is top plan view of the plastic bag package; and,
FIG. 7 is bottom plan view of the plastic bag package.
In the drawings, the broken lines are for the purpose of illustrating environment only and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



Case 2:17-cv-03442 Document 1 Filed 05/05/17 Page 27 of 31 Page ID #:27





FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7